IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RAZA H. SIKANDAR,
    Petitioner,

v.                                                      Civil No. 3:22cv523 (DJN)

HAROLD W. CLARKE,
    Respondent.[1]

## MEMORANDUM OPINION

Raza H. Sikandar, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition")[2] challenging his convictions and probation violations in the Circuit Court for the County of Fauquier County, Virginia ("Circuit Court"). (ECF No. 1.) Respondent moves to dismiss on the grounds that Sikandar has failed to exhaust his state court remedies. (ECF No. 12.)

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of

---

[1]     Since the action was filed, Sikandar was transferred to the custody of the Virginia Department of Corrections ("VDOC"). (ECF No. 17.) Accordingly, Sikandar's custodian and the proper Respondent for this action is Harold M. Clarke, the Director of the VDOC.

[2]     The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spacing, capitalization, punctuation, and spelling in the quotations from the parties' submissions.

the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). A petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Sikandar currently has a direct appeal pending in the Virginia courts. (ECF No 14, at 6.) Therefore, he has failed to exhaust his available state court remedies. Accordingly, the Motion to Dismiss, (ECF No. 12), will be GRANTED, and the action will be DISMISSED. Sikandar's Motion for an Extension of Time and for the Appointment of Counsel, (ECF No. 19), will be DENIED.[3] A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 8, 2023

---

[3] There is no constitutional right to have appointed counsel in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). Furthermore, Petitioner fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. *See* 18 U.S.C. § 3006A (explaining that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28").